IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 11 A 11: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Ronald A. Hollon, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. 2:06-CV-1099-WKW | |
| | ) | |
| CSX Transportation, Inc., | ) Jury Demand | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now Ronald A. Hollon, Sr. and files this complaint pursuant to the Age Discrimination in Employment Act, age discrimination and retaliation, and alleges as follows:

### JURISDICTION AND VENUE

(1) This action arises under the Age Discrimination in Employment Act, 29 USC 621 et seq., for age discrimination and retaliation. Subject matter jurisdiction is proper for the United States District Court pursuant to 28 USC 1331.

(2) Venue is proper in the United States District Court for the Middle District of Alabama as most material events occurred within the Middle District of Alabama.

### PARTIES

(3) Ronald A. Hollon, Sr., herein after "Hollon," is a male over nineteen (19) years old and is a resident of Autauga County, Alabama.

(4) Defendant CSX Transportation, Inc. is a railroad company doing business in the State of Alabama.

## FACTS

(5) That during all times material Plaintiff Hollon was over forty (40) years old, date of birth November 14, 1959.

(6) That during all times material Plaintiff Hollon has been employed by Defendant CSX Transportation, Inc., hereafter "CSX," or a subsidiary thereof; all employment being since 1981.

(7) That Plaintiff Hollon had been in good standing with Defendant CSX until June 19, 2006, when he was wrongfully demoted and taken out of service from his position of Terminal Trainmaster, Montgomery, Alabama, and thereafter placed in the lower position of Yardmaster. By said demotion Plaintiff Hollon received an approximate twenty thousand dollars per year cut in pay, and he lost more than fifteen thousand dollars per year in bonuses.

(8) That said demotion by Defendant CSX of Plaintiff Hollon, from Terminal Trainmaster to Yardmaster, was an intentional act of age discrimination due to his age by Defendant CSX and or retaliation by Defendant CSX for Plaintiff Hollon's exercise of protected activity.

(9) That prior to said June 19, 2006, demotion Plaintiff Hollon had been improperly and illegally passed over during April and or May 2006 for positions of Trainmaster, Customer Service, etc. by Defendant CSX, and that Plaintiff was as well or better qualified for said positions than younger, under- 40- years- old employees who were placed in said positions by Defendant CSX.

(10) That Plaintiff Hollon prior to said demotion had engaged in protected activity by complaining to Defendant CSX about being passed over for said positions and not receiving said positions in April and or May 2006, by his orally complaining to Defendant CSX and by his subsequently submitting a proposed written EEOC Charge to Defendant CSX on June 19, 2006.

(11) That on June 19, 2006 Defendant CSX by and through its agents and or employees, accused Plaintiff Hollon of "forging," etc. another employee's name to a document which statement was a pretext for its action of demoting Plaintiff Hollon.

(12) That prior to June 19, 2006 Plaintiff Hollon had been authorized by a co-employee to sign said employee's name to said referenced document due to the fact that said employee was not able to be on the site to timely sign said document.

(13) That prior to Plaintiff Hollon's signing, for another employee, said referenced document as per said employee's instruction, Plaintiff Hollon had engaged in protected activity, regarding being passed over for said April and or May 2006 positions.

(14) That Defendant CSX has at all material times had a pattern and practice of intentional discrimination against older employees, over the age of forty (40) years old.

(15) That subsequent to June 19, 2006, Plaintiff Hollon has been further denied promotion to other higher level positions by Defendant CSX, and that he was as well or better qualified than the younger or under-40-year-old employees who received said positions.

(16) That Plaintiff Hollon has been denied promotions subsequent to June 19, 2006, due to age discrimination and or retaliation by Defendant CSX.

(17) That Defendant CSX has engaged in a pattern or practice of selectively ignoring major employment infractions of younger, or under- 40-year-old employees, and or those employees who have not engaged in protected activity, and Defendant CSX has failed to demote or terminate said employees for said major employment infractions of said employees.

(18) That Defendant CSX has in times subsequent to June 19, 2006, not terminated or demoted certain under-40-year-old employees, and or employees who had not engaged in protected activity for infractions that were as serious as the alleged infraction used by Defendant

CSX to demote Plaintiff Hollon.

(19) That as a result of the intentional acts and or omissions of Defendant CSX, as herein alleged, Plaintiff Hollon has lost wages, lost benefits including retirement, lost promotions, incurred mental anguish, attorneys fees, cost of litigation, etc.

(20) That Plaintiff Hollon has exhausted all required administrative legal remedies through the Equal Employment Opportunity Commission (Charge No. 420-2006-03422), has received a Right to Sue Letter, and timely has filed the instant action against Defendant CSX.

## Count I

### Age Discrimination

(21) That Plaintiff incorporates paragraphs one(1) through twenty (20) above.

(22) That through the intentional acts and or omissions of Defendant CSX, as herein alleged, Plaintiff Hollon has been a victim of age discrimination in violation of the Age Discrimination in Employment Act, 29 USC 621 et seq.

(23) That due to the intentional acts or omissions of Defendant CSX as herein alleged, Plaintiff Hollon has lost wages, lost benefits including retirement, lost promotions, incurred mental anguish, attorneys fees, cost of litigation, etc.

**Wherefore Premises Considered** Plaintiff Hollon prays that Defendant CSX be enjoined to place Plaintiff in said Trainmaster or equivalent position and that:

(A) Plaintiff be awarded back pay and past benefits, including retirement, of the position;

(B) Attorneys fees and costs; and

(C) Plaintiff be awarded such other relief as allowed by law.

## Count II

### Retaliation

(24) That Plaintiff incorporates paragraphs one(1) through twenty (20) above.

(25) That through the intentional acts and or omissions of Defendant CSX, as herein alleged, Plaintiff Hollon has been a victim of retaliation in violation of the Age Discrimination in Employment Act, 29 USC 621 et seq.

(26) That due to the intentional acts or omissions of Defendant CSX, as herein alleged, Plaintiff Hollon has lost wages, lost benefits including retirement, lost promotions, incurred mental anguish, attorneys fees, cost of litigation, etc.

**Wherefore Premises Considered** Plaintiff Hollon prays that Defendant CSX be enjoined to place Plaintiff in said Trainmaster or equivalent position and that:

(A) Plaintiff be awarded back pay and past benefits, including retirement, of the position;

(B) Attorneys fees and costs; and

(C) Plaintiff be awarded such other relief as allowed by law.

**Trial by Jury is hereby demanded.**

Respectfully submitted

_____
Gary E. Atchison (ATC004)
Attorney for
Plaintiff Ronald A. Hollon, Sr.

**Of Counsel:**
PO Box 2002
492 S. Court St.
Montgomery, AL 36102-2002
(334) 262-7232