UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD HOLLON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION FILE NO.: |
| CSX TRANSPORTATION, INC. | ) 2:06-CV-1099-WKW |
| Defendant. | ) ) ) |

## ANSWER

Defendant CSX Transportation, Inc. ("CSXT") answers the allegations contained in the Complaint of Ronald A. Hollon, Sr. ("Plaintiff" or "Hollon") as follows:

### FIRST DEFENSE

Some or all of the claims in Plaintiff's Complaint fail to state a claim upon which relief may be granted by this Court.

### SECOND DEFENSE

Some or all of the claims asserted in the Complaint may be barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### THIRD DEFENSE

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

### FOURTH DEFENSE

To the extent that Plaintiff failed to comply with the enforcement provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as amended (2001)

("ADEA"), Plaintiff's claims are barred as untimely for failure to fulfill all the conditions precedent to maintaining this action under the ADEA.

### FIFTH DEFENSE

To the extent that Plaintiff's claims under the ADEA concern events alleged to have occurred more than 180 days before the filing of Plaintiff's Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), his claims are barred as untimely.

### SIXTH DEFENSE

To the extent that Plaintiff's Complaint asserts or attempts to assert ADEA claims other than those raised in his EEOC charge, these claims cannot be maintained and are barred by Plaintiff's failure to exhaust administrative remedies.

### SEVENTH DEFENSE

Any employment actions taken with respect to Plaintiff were based on reasonable factors other than age and retaliation and were taken for legitimate, non-discriminatory, non-retaliatory reasons and for good cause. Even if age or retaliation were factors in the employment decisions taken, they were not motivating or determinative factors in any action taken by Defendant, as Defendant would have taken such actions anyway for legitimate, non-discriminatory reasons.

### EIGHTH DEFENSE

To the extent that Plaintiff has failed to comply with his common law duty to mitigate his claimed damages, his entitlement to which is expressly denied, he cannot recover those damages.

2

## NINTH DEFENSE

Plaintiff is not entitled to liquidated damages under the ADEA because neither Defendant nor its agents willfully discriminated against Plaintiff.

## TENTH DEFENSE

Plaintiff has alleged no facts sufficient to support an award of compensatory damages, punitive damages, damages for any physical or emotional injury, front pay, back pay, liquidated damages, lost benefits, reinstatement, costs, attorneys' fees, or any other relief.

## ELEVENTH DEFENSE

The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

## TWELFTH DEFENSE

Responding to the specific paragraphs of Plaintiff's Complaint, Defendant answers or responds as follows:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff alleges causes of action under the ADEA, but denies that any such violations occurred.

2. Defendant admits the allegations in paragraph 2.

## PARTIES

3. Upon information and belief, Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

## FACTS

5. Upon information and belief, Defendant admits that Plaintiff's date of birth is November 14, 1959. The allegation "during all times material" is vague and generalized and, as such, Defendant is without knowledge and information sufficient to enable it to admit or deny the allegation and therefore, denies the same. Unless expressly admitted, Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits that Plaintiff began employment with CSXT in 1981. The allegation "during all times material" is vague and generalized and, as such, Defendant is without knowledge and information sufficient to enable it to admit or deny the allegation and therefore, denies the same. Unless expressly admitted, Defendant denies the remaining allegations in paragraph 6.

7. Defendant admits that on June 19, 2006, Plaintiff was removed from the position of Terminal Trainmaster and placed in the position of Yardmaster. Unless expressly admitted, Defendant denies the remaining allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits that on June 7, 2006, Plaintiff was removed from service pending an investigation of Plaintiff's improperly signing another employee's name to a federally-regulated Remote Control Operator Certification Card on May 27, 2006. Unless expressly admitted, Defendant denies the remaining allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20 and therefore denies same.

## COUNT I

21. Defendant re-alleges and incorporates by reference paragraphs 1-20 above with the same force and effect as if fully set out in specific detail herein below.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

Defendant denies Plaintiff's entitlement to the remedies set out in his prayer for relief following paragraph 23.

## **COUNT II**

24.  Defendant re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out in specific detail herein below.

25.  Defendant denies the allegations in paragraph 25.

26.  Defendant denies the allegations in paragraph 26.

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant respectfully requests that:

1.  Plaintiff's claims be dismissed with prejudice in their entirety;

2.  Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3.  Judgment be entered in favor of Defendant;

4.  All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and that

5.  Defendant has such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ Weyman T. Johnson

Weyman T. Johnson
William C. Barker
Alabama Bar No. ASB-3411-R71W
PAUL, HASTINGS, JANOFSKY
 & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400

Counsel for Defendant
CSX Transportation, Inc.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT HOLLON, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION FILE NO.: |
| CSX TRANSPORTATION, INC. | ) 2:06-CV-1099-WKW |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify the **ANSWER** has been filed with the Clerk of the Court using the CM/ECF system and mailed via U.S. mail to:

Gary E. Atchison
PO Box 2002
492 S. Court St.
Montgomery, Alabama 36102-2002

This is the 16th day of January, 2007.

_____
Attorney for Defendant

LEGAL_US_E # 73872998.1