IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD A. HOLLON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:06cv1099-WKW |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT PROTECTIVE ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 15). Upon consideration of the motion and for good cause, it is

ORDERED that the motion for a protective order (doc. # 15) be and is hereby GRANTED.

Discovery in this case may involve the production of confidential, proprietary and/or sensitive business or personal information regarding Plaintiff Ronald A. Hollon ("Plaintiff" or "Hollon"), Defendant CSX Transportation, Inc. ("Defendant" or "CSXT"), or its employees.  Accordingly, good cause having been shown within the meaning of Fed. R. Civ. P. 26(c), and it appearing that the parties in this action consent to entry of this Protective Order, IT IS FURTHER ORDERED THAT:

A. As used herein, the word "document" means (a) all papers, electronic information, and other materials produced or furnished by Plaintiff or Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such documents;

(c) portions of deposition transcripts and exhibits thereto which relate to any such documents, copies, extracts, or summaries; and (d) portions of briefs, memoranda, or any other writings filed with the Court, and exhibits thereto, which relate to any such documents, extracts, or summaries.

B.   All documents produced by Plaintiff or Defendant that are designated as "CONFIDENTIAL" shall be treated as such by all persons to whom such documents are disclosed.  Such confidential documents shall be used exclusively in this action and for no other purpose.  Any document designated as "CONFIDENTIAL" pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

C.   If any confidential document is used during any deposition, the deposition transcript or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph B, *supra*.

D.   Documents designated as "CONFIDENTIAL" pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to counsel and employees or professional assistants of counsel who have a need to review the information or contents of the documents to aid effectively in the preparation of this case. Notwithstanding the foregoing, documents or deposition transcripts designated as "CONFIDENTIAL" pursuant to this Order may be disclosed to potential witnesses for Plaintiff or Defendant only on an as-needed basis if Plaintiff's or Defendant's counsel first

informs each such witness of, and he or she agrees to be bound by, the terms of this Consent Protective Order.

E.  Prior to disclosure to Plaintiff or to employees of Defendant of documents designated as "CONFIDENTIAL" pursuant to this Order, Plaintiff or employees of Defendant shall execute a statement of confidentiality identical to Exhibit "A," attached hereto.

F.  Prior to disclosure to potential witnesses for Plaintiff or Defendant of documents designated as "CONFIDENTIAL" pursuant to this Order, such potential witnesses for Plaintiff or Defendant shall execute a statement of confidentiality identical to Exhibit "A" hereto.

G.  The party seeking discovery shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any documents designated as "CONFIDENTIAL."  The party seeking discovery will treat all materials or information designated as "CONFIDENTIAL" in accordance with the requirements of this Order during the pendency of such motion.  The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any documents.

H.  Upon final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all documents, transcripts or other materials afforded confidential

treatment pursuant to this Order and in the possession of Plaintiff or Defendant or their respective counsel shall promptly be returned to the party who produced the document(s).

    I.    The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

Done this 14th day of September, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE