IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Ronald A. Hollon, Sr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2:06-CV-1099-WKW-CSC |
| ) | |
| **CSX Transportation, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S MOTION TO STRIKE AND DISREGARD PLAINTIFF'S AFFIDAVIT WITH MEMORANDUM OF AUTHORITIES IN SUPPORT

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 56(e), Fed. R. Evid. 602, and the Court's own inherent authority, Defendant CSX Transportation, Inc. ("CSXT") respectfully moves this Court for an order striking portions of Plaintiff Ronald A. Hollon, Sr.'s Affidavit in Reply to Defendant's Motion for Summary Judgment ("Hollon's Affidavit") (Docket No. 25-2) that contradict his prior deposition testimony and/or that lack foundation in Hollon's personal knowledge.

Under Federal Rule of Civil Procedure 56(e)(1), affidavits supporting or opposing motions for summary judgment "shall be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Far from meeting this standard, Hollon's Affidavit contains allegations that directly contradict his prior sworn deposition testimony and/or that lack any foundation in Hollon's personal knowledge. Hollon's attempt to create a disputed issue of material fact through the use of such a contradictory and conclusory sham affidavit is insufficient to preclude summary judgment and should be disregarded by this Court.

## II.   ARGUMENT AND CITATION OF LEGAL AUTHORITIES

### A.   Portions of Hollon's Affidavit Directly Contradict His Prior Deposition Testimony.

It is well-settled in the Eleventh Circuit (and in every other federal circuit) that a party cannot survive summary judgment merely by submitting an affidavit contradicting previous sworn deposition testimony.  See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806-07 (1999) (collecting cases holding that party cannot survive summary judgment merely by contradicting previous sworn testimony with contradictory affidavit without attempting to explain contradiction); see also Van T. Junkins & Assocs. Inc. v. U.S. Industries Inc., 736 F.2d 656, 658-59 (11th Cir. 1984) (affirming district court's striking of affidavit that contradicted plaintiff's deposition testimony and granting motion for summary judgment to defendant);  Stevens v. SimplexGrinnell, LLP, 190 Fed. Appx. 768, 771 (11th Cir. 2006) (same).

In blatant disregard of this well-settled rule, Hollon opposes CSXT's Motion for Summary Judgment with an affidavit that directly contradicts his prior sworn deposition testimony on a number of issues.  Specifically:

- Hollon alleges in his affidavit that Terrance Walton, who was selected by CSXT for an open position as Atlanta assistant terminal superintendent, is "several years younger" than he is.  (Hollon Aff. at ¶ 6).  In contrast, Hollon admitted in his deposition that he does not know Walton's age.  (Hollon Depo. at 233:4-7.)  In fact, the undisputed evidence in the record indicates that Walton is less than two years younger than Hollon.  (*See* Pendergrass Decl. at ¶ 6; Hollon Depo. at 21:2-3).

- Hollon alleges in his affidavit that, since his demotion from a CSXT management position on June 19, 2006, he was passed over for various management positions and that "[i]n all instances, people younger than [Hollon] were hired, none of which was better qualified than [him]."  (Hollon Aff. at ¶ 22).  In contrast, in his deposition Hollon admitted that he has no idea who was selected for the various positions that he allegedly applied for after his demotion.  (Hollon Depo. at 241:1-243:6).

- Hollon alleges in his affidavit that, when he was demoted from his CSXT management position on June 19, 2006, Rod Workman said to him, "I am relieving you of your Trainmaster position for the falsification of the RCO card." (Hollon Aff. at ¶ 14) (emphasis added).  In contrast, in his deposition Hollon testified quite differently that

2

> Workman told him that "CSX no longer needed [Hollon's and T.J. Dean's] services as managers due to [their] forging an FRA document." (Hollon Depo. at 153:9-154:10).

- Hollon alleges in his affidavit that no one named "Wayne Powe" or "Wayne Powell" was or has ever been a road foreman of engines and that, therefore, he had no duty to contact "Wayne Powe" on May 21, 2006 when he signed J.R. Weeks' RCO certification card for T.J. Dean. (Hollon Aff. at ¶ 15). In contrast, in his deposition Hollon testified that "Wayne Powe" was a road foreman of engines in Montgomery in 2006 and that he made no attempt to contact Mr. Powe about Weeks' RCO certification card because he had already contacted T.J. Dean about the issue. (Hollon Depo. at 102:22-103:4; 109:21-110:5; 112:17-21).

- Hollon alleges in his affidavit that he had applied, but was not selected, for open trainmaster positions in Mobile, Alabama in 1997 and in 2000. (Hollon Aff. at ¶ 8). In contrast, when specifically asked in his deposition if he had applied for any management positions prior to 2006, Hollon did not list any positions in Mobile, Alabama, and, instead, testified only that he had applied for two open positions in Chattanooga and Knoxville, Tennessee. (Hollon Depo. at 261:21-262:22).

- Hollon alleges that in the past he has been instructed to log in trains as having arrived in Montgomery, Alabama when, in fact, the trains were actually at other terminals and that he has also been instructed to change the departure and arrival times of CSXT trains. (Hollon Aff. at ¶ 17). Yet when specifically asked in his deposition whether he knew or had heard of any situations where CSXT employees have falsified documents, Hollon made no reference to such alleged "falsifying" of train arrival and departure times. Rather, he replied only that he had heard that one employee named Ken Williams had on one occasion signed another employee's name on an FRA certification card. (Hollon Depo. at 293:17-294:13).[1]

- In his affidavit, Hollon characterizes the yardmaster position at CSXT (which he held before his promotion to assistant trainmaster in 2001) as a "front line management position." (Hollon Aff. at ¶ 4). Yet in his deposition, Hollon admits that he was a union employee when he held the yardmaster position and did not become a management employee until he was promoted to the assistant trainmaster position. (Hollon Depo. at 64:15-65:14).

Hollon's reliance on such self-serving statements made in direct contradiction to his prior sworn deposition testimony is insufficient to preclude summary judgment against him, and such

---

[1] In his deposition, Hollon admitted that he does not know whether Williams is remote control certified, does not know the name of the engineer whose certification card Williams allegedly signed, and does not know if this alleged incident was ever reported to management. (PD at 115:20-118:18, 293:17-294:13). Moreover, Hollon admits that he bases this allegation solely on hearsay. (PD at 116:8-12.)

3

contradictory statements cannot properly be considered by the Court in ruling on Defendant's Motion for Summary Judgment. See Rice v. Barnes, 149 F. Supp. 2d 1297, 1300 (M.D. Ala. 2001) (striking affidavit that conflicted with plaintiff's prior deposition testimony); Thomas v. Ala. Council on Human Relations, 248 F. Supp. 2d 1105, 1112-14 (M.D. Ala. 2003) (striking portions of plaintiff's affidavit that conflicted with prior deposition testimony).

### B. Hollon's Affidavit is Rife with Allegations Lacking Personal Knowledge.

Rule 56(e) of the Federal Rules of Civil procedure provides that affidavits opposing summary judgment "shall be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Federal Rule of Evidence 602 likewise provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Failing to comply with these basic rules of evidence and procedure, Hollon relies on legal conclusions and other conclusory or speculative statements in his Affidavit for which he fails to provide any foundation. Specifically:

- Evidence in the record demonstrates that, for management employees seeking promotion at CSXT, only past performance in management positions is considered, rather than past performance in non-management positions. (*See* Pendergrass Decl. at ¶ 7). Notwithstanding this record evidence, Hollon insists that, under CSXT's "pattern and practice," his past performance in non-management positions should have been considered when he applied for promotion to a different management position. (Hollon Aff. at ¶ 9). Hollon does not indicate that he had any role in making management promotion decisions for CSXT or that he otherwise has any specific factual foundation for testifying about CSXT's "pattern and practice" in making promotion decisions.[2]

---

[2] This contention apparently rests solely on Hollon's conjecture that his performance in non-management positions should have been considered when he applied for promotion to higher management positions because "otherwise no one with only non management experience would have ever been named as a CSX manager." (Hollon Aff. at ¶ 9). This argument is absurd, as the record evidence demonstrates that "an applicant's prior experience in union jobs is relevant only for *initial* promotions to a management position, not for subsequent promotions. For *subsequent* promotions to management positions, only an individual's prior management experience is considered." (Pendergrass Decl. at ¶ 7) (emphasis supplied).

4

- Notwithstanding his obvious inability to speculate about the knowledge or perceptions held by other CSXT employees, Hollon asserts that "it was widely known that I was critical of CSX and disgruntled for being passed over for promotions at my age over 40." (Hollon Aff. at ¶ 18).

- Without delineating the specific experiences or qualifications of other applicants to CSXT management positions,[3] Hollon asserts, in conclusory fashion, that Jason Tipton had "had far less experience" than he had (Hollon Aff. at ¶ 6); that he was "equally or better qualified" than Tipton for the Montgomery terminal manager position (id.); that a "less qualified" person was hired for the Pensacola trainmaster position (id. at ¶ 7); that he was "well or better qualified" for positions for which he applied before his demotion than the people selected for the positions (id. at ¶ 19); that he was "much better qualified" for the assistant manager of customer operations position than Timothy Grayson (Hollon Aff. at ¶ 20); and that he was "well or better qualified" for positions for which he applied after his demotion than the unnamed and unidentified people allegedly selected for those positions (id. at ¶ 22).

- Hollon also asserts a number of legal conclusions, including his contention that his demotion "was an intentional act of age discrimination by Defendant CSX due to [his] age known to CSX and or because of retaliation by Defendant CSX for [his] exercise of protected activity under the ADEA. (Hollon Aff. at ¶ 11). He also alleges that "the so called forging or falsification of an RCO card by [him] was only a pretext by CSX to demote [him] and otherwise deny [him] promotions subsequent to June 19, 2006" (id at ¶ 17); that "Defendant CSX has at all times had a pattern and practice of intentional discrimination against [himself] or older employees" (id. at 21); and that he has "exhausted all required administrative legal remedies" through his filing of an EEOC charge (id. at 24).

On their face, none of these statements – most of which are legal conclusions – are based on Hollon's personal knowledge and, therefore, none of them can create a genuine issue of material fact for purposes of CSXT's Motion for Summary Judgment. See Hawthorne v. Sears Termite & Pest Control, Inc., 309 F. Supp. 2d 1318, 1334-35 (M.D. Ala. 2003) (striking conclusory assertions in affidavit, including conclustory assertion that plaintiff was not promoted because of his race, and granting summary judgment to employer in Title VII race discrimination case); Woods v. Paradis, 380

---

[3] Even if Hollon had attempted to lay a foundation for his conclusory assertions about the qualifications of other applicants, it is extremely unlikely that Hollon could have laid any such foundation in his personal knowledge, as he clearly has no role in making promotions decisions for the positions to which he himself applied and almost certainly has no knowledge about the qualifications of other applicants except through hearsay.

5

F. Supp. 2d 1316, 1324-25 (S.D. Fla. 2005) (striking affidavit containing speculative and conclusory assertions and granting summary judgment to defendants); Jackson v. Advance Auto Parts, Inc., 362 F. Supp. 2d 1323, 1325 (N.D. Ga. 2005) (striking portions of affidavits that contained legal conclusions or assertions not grounded in affiants' personal knowledge and granting summary judgment to defendant).

### III. CONCLUSION

For the reasons stated above, CSXT respectfully requests that this Court enter an Order striking and disregarding portions of Hollon's Affidavit in Reply to Defendant's Motion for Summary Judgment that contradict Hollon's prior sworn deposition testimony and/or that lack foundation in Hollon's personal knowledge.

This 22nd day of January, 2008.

                                                   Respectfully submitted,

| | |
|---|---|
| PAUL, HASTINGS, JANOFSKY <br>   & WALKER, LLP <br> 600 Peachtree Street, N.E. <br> Suite 2400 <br> Atlanta, Georgia 30308 <br> Telephone: (404) 815-2400 <br> Facsimile: (404) 815-2424 | _/s/ William C. Barker_ <br> Weyman T. Johnson, Jr. <br> Ga. Bar. No. 395775 <br> William C. Barker <br> Ala. Bar. No. 3411-R-71W <br><br> Attorneys for Defendant <br> CSX Transportation, Inc. |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Ronald A. Hollon, Sr.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   Civil Action No. 2:06-CV-1099-WKW-CSC |
| | ) |
| **CSX Transportation, Inc.,** | ) |
| | ) |
|     **Defendant.** | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008 I electronically filed the foregoing **MOTION TO STRIKE AND DISREGARD PLAINTIFF'S AFFIDAVIT WITH MEMORANDUM OF AUTHORITIES IN SUPPORT** with the Clerk of Court using the EM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record. I also certify that I served a copy via U.S. mail:

Gary E. Atchison, Esq.
P.O. Box 2002
492 S. Court St.
Montgomery, AL 36102
Telephone: (334) 262-7232


    */s/ William C. Barker*
    Attorney for Defendant
    CSX Transportation, Inc.